CYNTHIA L. YEE-WALLACE (ISB No. 6793)
DAVISON, COPPLE, COPPLE & COX, LLP
Attorneys at Law
Washington Mutual Capitol Plaza
Post Office Box 1583
199 North Capitol Boulevard
Suite 600
Boise, Idaho  83701
Telephone:   (208) 342-3658
Facsimile:    (208) 386-9428
wallace@davisoncopple.com


Attorneys for Defendant
        Benjamin Landry

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTI YEARGAIN, RYAN BENZIE, LYNETTE BENZIE, MARK ENGELS, and KRISTEN ENGELS,<br><br>           Plaintiffs,<br><br>vs.<br><br>QWEST COMMUNICATIONS, JOHN MCCORMICK, and BENJAMIN LANDRY,<br><br>           Defendants. | Case No. CV 06-00148-MHW<br><br>DEFENDANT BENJAMIN LANDRY'S ANSWER |

COMES NOW Defendant, Benjamin Landry (hereinafter also referenced as "Defendant," by and through his attorney of record, Cynthia Yee-Wallace, of the firm Davison, Copple, Copple & Cox, LLP, of Boise, Idaho, and hereby respond to Plaintiffs' Complaint (hereinafter also referred to as "Plaintiffs"), and admits, denies, and alleges as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

I.

Defendant denies any and all allegations contained in Plaintiffs' Complaint not specifically admitted herein.

II.

Defendant admits the allegations contained in Subparagraphs 5, 7 and 8 contained in Paragraph I of the Introduction of Plaintiffs' Complaint.

III.

Defendant denies each and every allegation contained in Subparagraphs 1, 11, 12, 13, 14, and 15 contained in Paragraph I of the Introduction of Plaintiffs' Complaint.

IV.

Defendant is without sufficient information to form a belief regarding the allegations contained in Subparagraphs 2, 3, 4, and 6 contained in Paragraph I of the Introduction of Plaintiffs' Complaint, and therefore denies the same.

V.

In answering the allegations contained in Subparagraph 9 contained in Paragraph I of the Introduction of Plaintiffs' Complaint, Defendant admits that he was employed at Qwest Communications, but is without sufficient information to form a belief regarding the remaining allegations contained therein and therefore denies the same.

VI.

In answering the allegations contained in Subparagraph 10 contained in Paragraph I of the Introduction of Plaintiffs' Complaint, Defendant admits that Lynette Benzie, Kristen Engels, and Kristi Yeargain are or were employed at Qwest Communications, but is without sufficient information to form a belief regarding the remaining allegations contained therein and therefore denies the same.

VII.

Defendant denies each and every allegation contained in Subparagraphs 16, 17, 18, 19, 20 and 21 contained in Paragraph II of Plaintiffs' First Cause of Action: Common Law Tort of Battery in Plaintiffs' Complaint.

VIII.

Defendant denies each and every allegation contained in Subparagraphs 22, 23, and 24 contained in Paragraph III of Plaintiffs' Second Cause of Action: Negligent Infliction of Emotional Distress in Plaintiffs' Complaint.

IX.

Defendant denies each and every allegation contained in Subparagraphs 25, 26, and 27 contained in Paragraph IV of Plaintiffs' Third Cause of Action: Intentional Infliction of Emotional

Distress in Plaintiffs' Complaint.

X.

Defendant denies each and every allegation contained in Subparagraphs 28, 29, and 30 contained in Paragraph V of Plaintiffs' Fourth Cause of Action: Negligent Hiring, Supervision, Training and Retention in Plaintiffs' Complaint.

XI.

Defendant denies each and every allegation contained in Subparagraphs 31, 32, and 33 contained in Paragraph VI of Plaintiffs' Fifth Cause of Action: Violation of Title VII of the Civil Rights Act of 1964 As Amended in Plaintiffs' Complaint.

XII.

Defendant denies each and every allegation contained in Subparagraphs 34, 35, and 36 contained in Paragraph VII of Plaintiffs' Sixth Cause of Action: Violation of the Idaho Human Rights Act, Idaho Code section 67-5909 *et seq.* in Plaintiffs' Complaint.

XIII.

Defendant denies each and every allegation contained in Subparagraphs 37 and 38 contained in Paragraph VIII of Plaintiffs' Damages Allegations in Plaintiffs' Complaint.

XIV.

In answering Plaintiffs' Notice of Intent to Seek Punitive Damages, Defendant affirmatively states that such notice does not require a response or answer from Defendant, that Plaintiffs must comply with Idaho Code sections 6-1601, 6-1602, 6-1603, 6-1604, and 6-1605, Title VII of the Civil Rights Act of 1964, and the Idaho Human Rights Act, and that Plaintiffs are not entitled to relief under the same.

XV.

In answering Plaintiffs' Notice of Intent to Seek Finding of Reckless Conduct, Defendant affirmatively states that such notice does not require a response or answer from Defendant, that Plaintiffs must comply with Idaho Code sections 6-1601, 6-1602, 6-1603, 6-1604, and 6-1605, Title VII of the Civil Rights Act of 1964, and the Idaho Human Rights Act, and that Plaintiffs are not entitled to relief under the same.

XV.

Defendant denies that Plaintiffs are entitled to relief as requested in the Prayer for Relief in Plaintiffs' Complaint.

XVI.

Discovery in the above case is ongoing, and Defendant hereby reserves the right to allege and
supplement this Answer and to include any and all additional claims and defenses.

XVII.

It has been necessary for Defendant to retain counsel to defend his interest in the above-entitled litigation and as a result thereof, Defendant requests that all of its costs and attorneys' fees be paid by the Plaintiffs in such amounts as the Court deems just and proper pursuant to applicable laws.

**AFFIRMATIVE DEFENSES**

<u>FIRST AFFIRMATIVE DEFENSE</u>

As an affirmative defense herein, Defendant alleges that the Plaintiffs' claims are barred by the doctrines of waiver, estoppel, consent, and unclean hands.

### SECOND AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges that Plaintiffs' claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges that Plaintiffs' claims are barred for failure to exhaust and comply with administrative and/or contractual remedies.

### FOURTH AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges that Plaintiffs' claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges Plaintiffs' claims are barred in whole or in part by the Idaho Workers' Compensation Act, Idaho Code sections 72-101 *et seq*.

### SIXTH AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges that Plaintiffs' have failed to mitigate their damages, if any, and that whatever damages may have been sustained by Plaintiffs were enhanced and exacerbated by their own acts and omissions. Plaintiffs' right to recovery, if any, is therefore reduced or barred.

### SEVENTH AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges that Plaintiff has failed to join indispensable parties.

### EIGHTH AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges that Plaintiffs unreasonably

failed to take advantage of any preventive or corrective opportunities by Quest or to otherwise avoid harm.

### NINTH AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges that he has not engaged in sexual harassment toward the Plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges that Plaintiffs' claims are barred or limited by the after-acquired evidence doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges that Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

### TWELFTH AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges that any and all damages alleged by Plaintiffs in their Complaint were caused in whole or in part by the negligence, acts, or omissions of Plaintiffs and not by the acts and omissions of the Defendant and thus their claims are barred in whole or in part.

### THIRTEENTH AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges that if Plaintiffs have any damages as alleged by Plaintiffs in their Complaint, such damages were not caused by Defendant in any way.

## FOURTEENTH AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, and without waiving any foregoing denial of negligence or causation, Defendant alleges that any responsibility ultimately attributable to him must be compared with the responsibility of other persons or entities, including the Plaintiffs, whether or not a party to this litigation pursuant to Idaho law and that such negligent, acts, or omissions of such parties constitutes comparative negligence which bars or reduces Plaintiffs' recovery, if any, against Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges that any interference, action, inaction, or omission alleged to have taken place by Plaintiffs on the part of Defendant was not intentional or conducted with improper means or purpose.

## SIXTEENTH AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges that any interference, action, inaction, or omission alleged to have taken place by Plaintiffs on the part of Defendant was not unwelcome, harmful, or offensive.

## SEVENTH AFFIRMATIVE DEFENSE

As an additional affirmative defense herein, Defendant alleges that any interference, action, inaction, or omission alleged to have taken place by Plaintiffs on the part of Defendant was not extreme or outrageous and that Plaintiffs have not suffered severe emotional distress or physical injury.

NOW WHEREFORE, Defendant Benjamin Landry prays for the following relief:

1. That the Plaintiffs' Complaint be dismissed with prejudice and the Plaintiffs take nothing therefrom;

2. That the Court award the Defendant's reasonable attorney fees and costs; and

3. For such other and further relief as the Court deems appropriate, proper, and just.

DATED this 5th day of June, 2006.

                              DAVISON, COPPLE, COPPLE & COX, LLP


                            By:_____/s/_____
                                  Cynthia Yee-Wallace, of the firm
                                  Attorneys for Defendant Benjamin Landry

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June, 2006, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>David E. Comstock
>Comstock & Bush
>Attorneys for Plaintiffs
>decomstock@comstockbush.com
>
>Shelly H. Cozakos
>Perkins Coie
>Attorneys for Defendants Qwest and McCormick
>Scozakos@perkinscoie.com
>
>Linda D. Walton
>Perkins Coie
>Attorneys for Defendants Qwest and McCormick
>Lwalton@perkinscoie.com

_____/s/_____
Cynthia Yee-Wallace